# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 14-50886
Summary Calendar

_____

D.C. Docket No. 7:14-CR-35-1

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

EFREN OLIVAS-HINOJOS,

   Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas, Midland Odessa

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

### J U D G M E N T

   This cause was considered on the record on appeal and the briefs on file.

   It is ordered and adjudged that the judgment of the District Court is affirmed.



**Certified as a true copy and issued
as the mandate on Mar 11, 2016**

**Attest:**

**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

─────────

No. 14-50886
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 18, 2016

Lyle W. Cayce
Clerk

─────────

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFREN OLIVAS-HINOJOS,

Defendant-Appellant

───────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-35-1

───────────────────

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Efren Olivas-Hinojos pleaded guilty to aiding and abetting the possession with intent to distribute methamphetamine and was sentenced to 180 months of imprisonment followed by a five-year term of supervised release. Olivas-Hinojos reserved his right to appeal the district court's denial of his motion to suppress, limited to the issue of the validity of the search warrant. On appeal, Olivas-Hinojos argues that the affidavit was insufficient to support

─────────────

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 14-50886    Document: 00513415980    Page: 2    Date Filed: 03/11/2016
Case 7:14-cr-00035-RAJ   Document 82   Filed 03/11/16   Page 3 of 5

No. 14-50886

the search warrant, the good faith exception did not apply, his consent to search did not extend to vehicles located on the property, and his detention was unlawful and without probable cause.  When reviewing a denial of a motion to suppress, we review factual findings for clear error and conclusions of law de novo.  *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

A defendant wishing to preserve a claim for appellate review while still pleading guilty can do so by entering a 'conditional plea' under Rule 11(a)(2) of the Federal Rules of Criminal Procedure."  *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992).  A conditional plea under Rule 11(a)(2) "must explicitly designate particular issues intended to be preserved for appeal."  *United States v. Wise*, 179 F.3d 184, 186-87 (5th Cir. 1999).  Conditions "are not to be implied."  *Id.* at 186.  Given that Olivas-Hinojos reserved the right to appeal only "the issue of the validity of the search warrant," not the denial of his suppression motion in general, the consent and probable cause issues are outside of the scope of the appeal reservation.  Even if these issues were within the scope of the reservation, Olivas-Hinojos offers no argument on the merits of these issues and has abandoned them.  *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

When reviewing a district court's denial of a defendant's motion to suppress when a search warrant is involved, we engage in a two-step inquiry.  *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999).  First, we determine whether the good faith exception to the exclusionary rule applies and, second, whether the magistrate had a substantial basis for concluding that probable cause existed.  *Id.*  If the good faith exception applies, then no further analysis is conducted, and the district court's denial of the motion to suppress will be affirmed, unless the case presents a novel question of law whose resolution is necessary to guide future action.  *United States v. Mays*, 466 F.3d 335, 343

No. 14-50886

(5th Cir. 2006). Olivas-Hinojos has not provided argument on the merits of his argument that the good faith exception should not apply. Accordingly, he has abandoned this issue as well. *See Scroggins*, 599 F.3d at 446.

As Olivas-Hinojos cannot challenge the district court's application of the consent exception and has not briefed adequately any argument concerning the good faith exception used by the district court to deny the suppression motion in the alternative, we need not address his argument concerning the sufficiency of the search warrant affidavit. *See United States v. Jackson*, 596 F.3d 236, 240 (5th Cir. 2010) (declining to address merits of good faith exception because the district court offered alternative grounds for denying the suppression motion).

AFFIRMED.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

March 11, 2016

Ms. Jeannette Clack
Western District of Texas, Midland
United States District Court
200 E. Wall Street
Room 222
Midland, TX 79701-0000

          No. 14-50886     USA v. Efren Olivas-Hinojos
                           USDC No. 7:14-CR-35-1

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         By: _____
                         Nancy F. Dolly, Deputy Clerk
                         504-310-7683

cc:
     Mr. Joseph H. Gay Jr.
     Ms. Diane D. Kirstein
     Mr. Gerald Ramon Lopez