UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | NO:  MO:14-CR-00035(1)-DC |
| § | |
| (1) EFREN OLIVAS-HINOJOS § | |

## ORDER FOR MOVANT TO SHOW CAUSE

Movant Efren Olivas-Hinojos ("Movant") pleaded guilty to aiding and abetting the possession with intent to distribute methamphetamine and was sentenced to 180 months of imprisonment to be followed by a five-year term of supervised release. [docket number 70]. He took a direct appeal and his conviction and sentence were affirmed on February 18, 2016. *United States v. Olivas-Hinojos*, 637 F. App'x 140 (5th Cir. 2016) (per curiam). [docket number 82]. He then mail-filed his 28 U.S.C. §2255 ("§2255") Motion to Vacate on November 5, 2018. [*See* docket number 85 at 12].

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all §2255 motions filed after its effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see also United States v. Flores*, 135 F.3d 1000, 1006 (1998). The AEDPA establishes a one-year limitations period governing §2255 motions. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). The one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f)(1)–(4); *Flores*, 135 F.3d at 1002 n. 3. Unless a movant alleges facts implicating subsections (2), (3), or (4), the limitations period begins to run from the date on which the judgment of conviction became final. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

Movant makes no allegation that his claims concern a Constitutional right recently recognized by the Supreme Court that would have a retroactive effect on his claims. Thus, subsections (2)–(4) of the one-year limitation rule do not apply in the case at bar. Therefore, Movant's ability to file a §2255 motion is governed by subsection (1) of the one-year limitation period and the period begins running on the date on which his judgment of conviction became final. While §2255(1) does not define when a judgment of conviction becomes "final" for purposes of the limitation period, the Supreme Court has held that a judgment becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

The conviction in this case became final Thursday, May 18, 2017, after the Fifth Circuit affirmed Movant's conviction and sentence and the time for seeking review by writ of certiorari to the United States Supreme Court had elapsed. *Clay*, 537 U.S. at 532 (which held that a conviction becomes final for purposes of one-year period when the time expires for seeking review by writ of certiorari), and *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000) (same). However, Movant did not mail-file his §2255 until November 5, 2018, at the earliest if given the benefit of the prison mailbox rule. Absent tolling, the motion is untimely on its face by five-hundred thirty-seven days.

Therefore, this Court now orders Movant to explain how his case is not untimely, or how he qualifies for equitable tolling of almost one and a half years. Movant must respond to this Order to Show Cause no later than January 4, 2019, or his case will be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b).

It is so **ORDERED**.

SIGNED this 3rd day of December, 2018.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE